UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICODEMUS NYAMWAMU KIBIBA,

Petitioner,

v.

BRUCE SCOTT, *et al.*,

Respondents.

CASE NO. 2:26-cv-03480-GJL

ORDER DIRECTING SUPPLEMENTAL BRIEFING

Petitioner Nicodemus Nyamwamu Kibiba is currently detained at the Northwest Immigration and Customs Enforcement Processing Center.[1] On September 17, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release from custody and injunctive relief related to re-detention. Dkt. 1. The Petition is fully briefed. Dkt. 1, 5, 8.

[1] The Parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 3.

Upon review of the Parties' submissions thus far and the governing law, the Court finds that additional information concerning Petitioner's immigration proceedings would aid the Court in reaching a final determination in this case.[2]

## I. DISCUSSION

Petitioner alleges Respondents violated constitutional guarantees of due process under the Fifth Amendment by re-detaining him without pre-deprivation notice and a hearing. Dkt. 1 at 14–18. Petitioner analyzes his circumstances through the three-factor test outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976). Dkt. 1 at 15–18. As relief, Petitioner seeks immediate release and an order prohibiting Respondents from re-detaining him "unless Petitioner is provided a pre-detention hearing before an immigration judge, where the Government bears the burden to justify material changed conditions require Petitioner's detention, and the Court considers less restrictive alternatives to detention." *Id*. at 20.

In their Return, Respondents acknowledge that Petitioner did not receive a pre-deprivation hearing, but assert that since Petitioner's removal proceedings were initiated, on October 2, 2026, he was provided with a bond hearing at which an Immigration Judge ("IJ") determined Petitioner is a danger to the community. Dkt. 5 at 3, 5. Respondents attach as an exhibit the IJ's check-box Order denying bond, but provide no further record from Petitioner's bond proceedings, such as a neutral contemporaneous record of the proceedings or a written bond memorandum issued by the IJ. *See* Dkt. 7-3, Ex. 3 (IJ Order, Oct. 2, 2026). Even so, Respondents argue the three *Mathews* factors demonstrate Petitioner's detention comports with due process. Dkt. 5 at 6–10.

[2] Nothing in this Order resolves the Parties' arguments concerning the merits of Petitioner's request for habeas relief.

In the Traverse, Petitioner urges the Court to adopt his application of the *Mathews* factors without acknowledging the IJ's finding of dangerousness at the October 2, 2026, bond hearing. *See* Dkt. 8. In particular, with respect to the second *Mathews* factor which considers the risk of erroneous deprivation, Petitioner focuses again on Respondents' failure to conduct an initial custody determination and, in doing so, avoids any discussion of the IJ's finding on dangerousness. *See id*. at 8–10.

Without a discussion of the adequacy of the bond hearing provided to Petitioner on October 2, 2026, the Court is limited in its ability to discern the legal effect, if any, of the bond hearing on the constitutional inquiry at hand. *See Veselinovic v. Scott*, No. 2:26-cv-03008-TLF, 2026 WL 2874075, at *8 (W.D. Wash. Sept. 24, 2026) (considering a petitioner's due process challenge to a post-deprivation hearing in its evaluation of the second *Mathews* factor); *see also Guillermo M.R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035–36 (N.D. Cal. July 17, 2025) (recognizing that the U.S. Constitution generally requires some kind of hearing *before* the State deprives a person of liberty or property, but there may be situations, such as a need for an urgent arrest, in which a prompt post-deprivation hearing is appropriate).

## II. CONCLUSION

Accordingly, the Court hereby **ORDERS** that:

1. Petitioner **SHALL FILE** supplemental briefing **on or before October 29, 2026**, addressing the legal effect, if any, of the bond hearing provided to Petitioner on October 2, 2026, on the relief requested in the Petition.

2. Respondents **SHALL FILE** a response to Petitioner's supplemental brief **on or before November 3, 2026**. Along with their response, Respondents are **DIRECTED** to **FILE**:

a. Any neutral contemporaneous record of Petitioner's bond proceedings, including any audio recording or transcript of the bond hearing. If no such record is available, Respondents **SHALL** file a declaration stating why it is unavailable; and

b. Any written bond memorandum issued by the Immigration Judge concerning Petitioner's bond proceedings. If no written bond memorandum is available, Respondents **SHALL** file a declaration stating why it is unavailable.

3. Petitioner **may FILE** a reply to Respondents' response **on or before November 6, 2026**.

Finally, the Clerk is **DIRECTED** to **RE-NOTE** this matter for consideration on **November 6, 2026**.

Dated this 23rd day of October, 2026.

Grady J. Leupold
United States Magistrate Judge